141 F.3d 1179
 2 Cal. Bankr. Ct. Rep. 50
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In Re: Mark T. SAYRE, d/b/a Park Avenue Cleaners, Debtor.
Morgan D. KING, Appellant,
v.
Marc T. SAYRE, d/b/a Park Avenue Cleaners, Debtor-Appellee.
 No. 96-16874.
DC No. CV-96-02260-VRW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1998.
Decided Mar. 12, 1998.
 
 Appeal from the United States District Court for the Northern District of California Vaughn R. Walker, District Judge, Presiding.
 Before SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Morgan D. King, former counsel to debtor Marc Sayre, appeals the district court's judgment affirming the bankruptcy court's determination that filing for Chapter 13 relief under 11 U.S.C. § 109(e) was not justified, and therefore, disgorgement of his fees was proper.
 
 
 3
 King contends that he is entitled to attorney's fees in connection with this case because, as of the date of filing the Chapter 13 petition, Sayre's liquidated unsecured debts did not exceed the limits prescribed by § 109(e). He maintains that because he indicated that there was a dispute over the amount of the collateral, the unsecured portion of the debt is unliquidated and excluded from the § 109(e) calculation. King however, made no showing that the collateral was worth anything other than what was listed in the promissory notes. Accordingly, there was no genuine dispute as to value. We therefore need not determine whether the existence of such a dispute would have rendered the debt unliquidated.
 
 
 4
 Moreover, even if King could bring the unsecured debt within § 109(e) limits, the secured debt would necessarily be increased to the point where the plan he offered was not feasible. If the unsecured portion was less than $250,000, then it would follow that the secured portion was $317,000. Under the proposed plan, Sayre agreed to pay his secured debts dollar for dollar, and his unsecured debts at 15 cents on the dollar. Given Sayre's net cash flow, he could not have paid off the debt within 60 months. See 11 U.S.C. § 1322(d).
 
 
 5
 Accordingly, the judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3